UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12CV-P470-R

**WAYNE E. BOWEN**                                                                                                    **PLAINTIFF**

**v.**

**ANGELETA HENDRICKSON** *et al.*                                                                   **DEFENDANTS**

## MEMORANDUM AND ORDER

  Plaintiff Wayne E. Bowen initiated this action by filing a letter with the Court alleging violations of the Eighth Amendment by officials at the "Jefferson County Department of Corrections." The Cou rt entered an Order directing Plaintiff to resubmit the complaint on a Court-approved 42 U.S.C. § 1983 complaint form. Plaintiff complied with the Order and filed an amended complaint against Defendants Angeleta Hendrickson, Alicia Fox, and Dr. Kad. Because Plaintiff did not name as a Defendant "Jefferson County Department of Corrections Officials" in the amended complaint, the **Clerk of Court is DIRECTED to terminate** "Jefferson County Department of Corrections Officials" as a party to the action in the docket.

  This matter is now before the Court on the initial review of the amended complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will allow Plaintiff to file a second amended complaint.

**I.**

  Plaintiff states that he is a pre-trial detainee at the Louisville Metro Department of Corrections (LMDC). He names as Defendants Hendrickson, whom he identifies as a nurse at LMDC; Fox, whom he identifies as a director at LMDC; and Kad, whom he identifies as a doctor at LMDC. He sues each Defendant in his or her official capacity only. He states that he filed a grievance on July 9, 2012, concerning his "medical conditions." He filed another

grievance on July 23, 2012, because "still no actions have been made other than they said they had made me a appointment with the orthopedic clinic." He later filed a grievance on September 15, 2012, and he received a response stating that nothing could be done until his appointment with the orthopedic clinic was approved. Plaintiff states that he is in "a lot of emotional stress and a lot of pain." He further states, "All I want is my medical conditions please be treated or please release me on an R.O.R. bond so that I may seek medical treatment myself." As relief, he seeks "Amend to TBut under 300 credit time serve/or (See Attached form)."[1] Plaintiff attaches several grievances and LMDC Grievance Reports to his amended complaint. The grievances indicate that Plaintiff sought medical treatment for injuries to his hand, arm, and nose during a physical altercation in July 2012. Plaintiff claims that he was denied treatment for his ailments.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[1] The Court notes that it could not discern from a review of the attachments to which form Plaintiff is referring.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff sues each Defendant in his or her official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against these Defendants are, therefore, actually against their employer, Louisville Metro Government. *Kentucky v. Graham*, 473 U.S. at 166.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff has not alleged that any Defendant acted pursuant to a municipal policy or custom with respect to his claims. Plaintiff's complaint appears to allege isolated occurrences affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not

responsible."). Accordingly, Plaintiff's claims against Defendants will be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, while stating that he seeks medical treatment in the body of his complaint, in his prayer for relief, Plaintiff seeks amendment of his charges and credit for time served. When a state prisoner "seeks . . . a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, release from custody and dismissal or amendment of charges are not available forms of relief under § 1983. Accordingly, Plaintiff's claim for injunctive relief in the form a speedier release from custody will be dismissed for failure to state a claim upon which relief may be granted.

However, due to the seriousness of Plaintiff's allegations concerning denial of medical treatment, before dismissing the action, the Court will allow Plaintiff to file a second amended complaint to name Defendants in their individual capacities, to amend his prayer for relief, and, if he wishes, to name any other individuals that he claims are personally responsible for the claims raised in his complaint regarding lack of medical treatment at LMDC. *See Berndt v. Tennessee*, 796 F.2d 879, 882-83 (6th Cir. 1986). As instructed in the § 1983 complaint form, Plaintiff shall describe how he alleges each individual Defendant violated his rights. The Court will then conduct an initial review of the second amended complaint pursuant to 28 U.S.C. § 1915A.

Plaintiff has **30 days** from the entry date of this Memorandum and Order to file a second amended complaint. **Plaintiff is WARNED that failure to file the second amended complaint within 30 days will result in dismissal of the action for the reasons stated herein**.

The Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 complaint form with the instant case number affixed.

Date:

cc: Plaintiff, *pro se*
 Defendants
4413.010